**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Lizan Pendergrass and Amy Davis,** | : |
| | : |
| **Plaintiffs,** | : **Civil Action No.:** _____ |
| **v.** | : |
| | : |
| **United Receivables Group, LLC; and** | : **COMPLAINT** |
| **DOES 1-10, inclusive,** | : |
| | : |
| **Defendants.** | : **May 9, 2016** |
| | : |

      For this Complaint, Plaintiffs, Lizan Pendergrass and Amy Davis, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

      1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

      2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

      3.    Plaintiff, Lizan Pendergrass ("Pendergrass"), is an adult individual residing in New Haven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and a "person" as defined by 47 U.S.C. § 153(39).

      4.    Plaintiff, Amy Davis ("Davis"), is an adult individual residing in Lorton, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.      Defendant United Receivables Group, LLC ("United"), is a South Carolina business entity with an address of 572 John Ross Parkway, Suite 107-12, Rock Hill, South Carolina 29730, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and a "person" as defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Collectors") are individual collectors employed by United and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      United at all times acted by and through one or more of the Collectors.

<u>**ALLEGATIONS APPLICABLE TO LIZAN PENDERGRASS**</u>

8.      "Amanda Roberts" (the "Debtor") allegedly incurred a debt to an original creditor.

9.      The debt arose from services provided by the original creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The debt was purchased, assigned or transferred to United for collection, or United was employed by the original creditor to collect the debt.

11.     United attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12.     In or around August 2015, United began calling Pendergrass' cellular telephone, number 203-xxx-2678, in an attempt to reach the Debtor.  Pendergrass does not know the Debtor.

2

13.     At all times mentioned herein, United called Pendergrass using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

14.     Pendergrass does not know how United acquired her cellular telephone number.  Pendergrass did not provide it to United or to the original creditor.

15.     When Pendergrass answered calls from United, she heard a prerecorded message and had to hold before she was connected to the next available representative.

16.     In or around August 2015, Pendergrass spoke with a live representative and explained that she was not the Debtor and that the Debtor could not be reached at her number.

17.     Nevertheless, United continued to place automated calls to Pendergrass' cellular telephone number.  Plaintiff received calls from United within the last year.

## ALLEGATIONS APPLICABLE TO AMY DAVIS

18.     Davis allegedly incurred a debt to an original creditor.

19.     The debt arose from services provided by the original creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

20.     The debt was purchased assigned or transferred to United for collection, or United was employed by the original creditor to collect the debt.

21.     United attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

22.     In October 2015, United began calling Davis' cellular telephone, number 210-XXX-6180, in an attempt to collect the debt.

23.     At all times mentioned herein, United called Davis using an ATDS or predictive dialer and/or using and artificial prerecorded voice.

24.     During the initial conversation, Davis requested that United send her proof of the debt.  In response, United told Davis that it needed her credit card information in order to validate the debt.

25.     United also told Davis that it would proceed with legal action which would result in Davis being incarcerated.

26.     In addition, United sent an email to Davis' mother which disclosed details regarding the debt.

27.     On October 2, 2015, Davis sent an email to United in which she demanded that all communications to her or her mother cease.

28.     Nevertheless, United continued to place automated calls to Plaintiff's cellular telephone number in an attempt to collect the debt.

29.     On or about October 24, 2015, Davis received a call from United in which United threatened Davis with incarceration, threatened to withdraw funds from Davis' bank account, and stated that it would put a "block" on Davis' Social Security check.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.
## AS TO LIZAN PENDERGRASS

30.     Pendergrass incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Pendergrass in connection with collection of a debt.

32.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Pendergrass in telephone conversations, with the intent to annoy and harass.

33.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

35.     Pendergrass is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*
## AS TO AMY DAVIS

36.     Davis incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Davis' mother regarding a debt.

38.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants called Davis after having received written notification from Davis to cease such calls.

39.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Davis in connection with collection of a debt.

40.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of a debt.

41.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Davis with imprisonment if the debt was not paid.

42.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

43.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

44.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

45.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

46.     Davis is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.
## AS TO LIZAN PENDERGRASS

47.     Pendergrass incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     At all times mentioned herein, Defendants called Pendergrass' cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

49.     Defendants continued to place automated calls to Pendergrass' cellular telephone number despite knowing that they lacked consent to do so.  As such, each call placed to Pendergrass was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

50.     The telephone number called by Defendants was assigned to a cellular telephone service for which Pendergrass incurs charges pursuant to 47 U.S.C. § 227(b)(1).

51.     The calls from Defendants to Pendergrass were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

52.     Pendergrass is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     Pendergrass is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV
## VIOLATIONS OF THE TCPA - 47 U.S.C. § 227, et seq.
## AS TO AMY DAVIS

54.     Davis incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     At all times mentioned herein, Defendants called Davis' cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

56.     Defendants continued to place automated calls to Davis' cellular telephone number despite knowing that they lacked consent to do so.  As such, each call placed to Davis was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

57.     The telephone number called by Defendants was assigned to a cellular telephone service for which Davis incurs charges pursuant to 47 U.S.C. § 227(b)(1).

58.     The calls from Defendants to Davis were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

59.     Davis is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Davis is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) to each plaintiff;

2.   **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) to each plaintiff;**

3.   **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);**

4.   **Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) to each plaintiff;**

5.   **Punitive damages; and**

6.   **Such other and further relief as may be just and proper.**

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: September 29, 2016**

   **Respectfully submitted,**

   **By   /s/ Sergei Lemberg_____**

   **Sergei Lemberg, Esq.**
   **LEMBERG LAW, L.L.C.**
   **43 Danbury Road, 3rd Floor**
   **Wilton, CT 06897**
   **Telephone: (203) 653-2250**
   **Facsimile:   (203) 653-3424**
   **Attorney for Plaintiffs**